**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| TMD, INC., | CASE NO.:  5:06CV1191 |
| Plaintiff, | JUDGE JOHN ADAMS |
| v. | **ORDER AND DECISION** |
| HASTING MUTUAL INS. CO., | |
| Defendant. | |

This matter comes before the Court on Motion by Defendant Hasting Mutual Ins. Co. for partial summary judgment on Plaintiff's claim for bad faith and punitive damages.  (Doc. #41)  Defendant asserts that Plaintiff has not and cannot produce any evidence of bad faith to create a genuine issue of material fact.  Plaintiff has failed to file an opposition to the motion.[1]  The Court has been advised, having reviewed the Motion, exhibits, pleadings and applicable law.  It is hereby determined that Defendant's Motion for Partial Summary Judgment is GRANTED.   Plaintiffs' claims for bad faith and punitive damages are therefore DISMISSED.

**FACTS**

Although Plaintiff has failed to respond to the Motion, the Court will view the facts, as provided by the Defendant, in a light most favorable to Plaintiff.

Plaintiff owns an apartment complex consisting of 8 buildings.  These were originally constructed in 1975.  In 1996 an overlay was performed wherein the workers

---

[1] The Court also notes that during a recent status conference, Defendant's counsel informed the Court that Plaintiff did not intend on filing an opposition to the motion.  Plaintiff's counsel did not contradict this statement.

placed new shingles overtop of the previously existing roof. This was performed by in-house employees of Plaintiff's parent company. There apparently were occasions when the roof needed spot repairs, which were also performed by Plaintiff.

Plaintiff has insurance over the apartment complex with Defendant. The policy, originally purchased in April of 2003, contains a specific exclusion for damages resulting from faulty workmanship.

On June 24, 2004, the roofs suffered damage from a storm that occurred in the area. Plaintiff made a claim under the policy requesting new roofs on all 8 buildings. To do this would require both layers of shingles to be torn off, replace any damaged wood underneath, laying of new felt and installation of new shingles.

After the claim was made, Defendant inspected the roofs with an engineer from Rudick Forensic Engineering and a representative from Allen Keith Construction. There were three inspections performed with the knowledge and consent of Plaintiff, who was also present. Defendant paid a claim for wind damage to the roofs based on the expert reports and estimates. A check and the reports were sent to Plaintiff on December 14, 2004. The check was never cashed and this action was filed.

## STANDARD OF REVIEW

Summary Judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986). The moving party must demonstrate to the court, through reference to pleadings and discovery responses, the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at

323.  This is so that summary judgment can be used to dispose of claims and defenses, which are factually unsupported.  *Id.* at 324.  The burden on the nonmoving party is to show, through the use of evidentiary materials, the existence of a material fact which must be tried.  *Id.*  The court's inquiry at the summary judgment stage is to determine "whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson,* 477 U.S. at 250.   However, the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson,* 477 U.S. 242, 247-48 (1986) (emphasis in original).  "A dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the non-moving party.'"  *McMillian v. Potter,* 130 Fed.Appx. 793, 796 (6th Cir. May 11, 2005) (quoting *Anderson,* 477 U.S. at 248).

      The court's treatment of facts and inferences in a light favorable to the nonmoving party does not relieve that party of its obligation "to go beyond the pleadings" to oppose an otherwise properly supported motion for summary judgment under Rule 56(e).  *See Celotex,* 477 U.S. at 324.  The nonmoving party must oppose a proper summary judgment motion "by any kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves . . . ."  *Id.*  Rule 56(c) states, "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."  However, "only admissible evidence may be considered

3

when ruling on a motion for summary judgment.  *Wiley v. United States,* 20 F.3d 222, 225 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988)).  A scintilla of evidence in favor of the nonmoving party is not sufficient. *Anderson,* 477 U.S. at 252.

As a general matter, a district court considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law."  *Anderson,* 477 U.S. at 248.  The court cannot consider non-material facts, nor can it weigh material evidence to determine credibility or the truth of the matter.  *See id.* at 249.  The court's sole function is to determine whether there is a genuine fact for trial.  *Id.*  This does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for [that] party."  *Id.*  In sum, a proper summary judgment analysis asks whether a trial is necessary.  It is additionally noted that a district court may properly grant summary judgment on grounds not raised in the motions, provided no genuine issue of material fact remains.  *Hines v. Joy Mfg. Co.,* 850 F.2d 1146, 1150 (6th Cir. 1988).

A federal court sitting in diversity must apply the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Talley v. State Farm Fire & Cas. Co*., 223 F.3d 323, 326 (6th Cir.2000).  In this case, Ohio law governs.  The Supreme Court of Ohio stated that "[I]nsurance contracts must be construed in accordance with the same rules as other written contracts." *Hybud Equip. Corp. v. Sphere Drake Ins. Co*., 64 Ohio St.3d 657, 597 N.E.2d 1096, 1102 (1992), cert. denied, 507 U.S. 987, 113 S.Ct. 1585, 123 L.Ed.2d 152 (1993). The Ohio high court further instructed that "words and phrases used in an insurance policy must be given their

4

natural and commonly accepted meaning ⋯ to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined." *Gomolka v. State Auto. Mut. Ins. Co.*, 70 Ohio St.2d 166, 436 N.E.2d 1347, 1348 (1982).

### DISCUSSION

In order to grant Defendant's Motion for Summary Judgment, this Court must find, after viewing the evidence and all reasonable inferences in a light most favorable to Plaintiffs, that the claim was fairly debatable and the refusal to pay the claim was premised on either the status of the law at the time of the denial or the facts gave rise to the claim. *Tokles v. Midwestern Indemnity Co.,* 605 N.E.2d 936, 943, overruled in part on other grounds by *Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397 (Ohio 1994).  The Ohio Supreme Court stated that "an insurer fails to exercise good faith in processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefore."  *Zoppo,* 644 N.E.2d at 400 (internal quotations and citations omitted).  The Court notes, however, that intent is not an element of the reasonable justification standard.  *Id.*

In opposing this Motion, Plaintiffs must produce evidence which tends to show that Defendant had no reasonable justification for refusing the claim and that Defendant either had actual knowledge of that fact or intentionally failed to determine whether there was any reasonable justification for refusing the claim.  *Id.*

In this case, Defendant inspected the roof after the claim was made on three occasions.  Additionally, these inspections were done not only by Defendant but also by two independent experts, one in engineering and one in construction.   Defendant asserts

5

in its Motion that Plaintiff does not dispute that the manner Defendant proceeded in handling the claim was appropriate.  Defendant states that Plaintiff only disagrees with the ultimate conclusion of the expert reports and the amount issued on the claim.

The reports received and relied upon by Defendant and submitted to Plaintiff and the prompt issuance of a check for the damage determined in the reports certainly gives rise to a reasonable determination that Defendant acted in good faith.  Additionally, Plaintiff has not produced any evidence that Defendant refused to pay the claim without reasonable justification for doing so.  Based on this, the Court finds that reasonable minds could come to but one conclusion, that Defendant processed the claim and determined the amount of damages proper under the policy in good faith.  The payment made on the claim was not arbitrary or capricious but was based upon a reasonable justification.

Additionally, Plaintiff has failed to produce evidence that Defendant had actual knowledge of a lack of reasonable justification for refusing the replace the roofs or intentionally failed to determine whether replacement was necessary.

## CONCLUSION

Based on the above, the Court finds that there is no genuine issue of material fact that Defendant processed the claim and submitted a check for the amount of damages sustained based on its reasonable justification that the roof at issue merely needed repairs or that the majority of the damages resulted from faulty workmanship.  Additionally, Plaintiffs failed to produce any evidence that Defendant had actual knowledge of a lack of reasonable justification for failing to replace the roof or that Defendant intentionally failed to determine whether there was any such justification to replace the roof.

Therefore, Defendant's Motion for Summary Judgment on Plaintiff's claim for bad faith and punitive damages is GRANTED.  These claims are hereby DISMISSED.

So ordered.

　　　　　　　　　　　　　　　　　　　　　　　_____*s/ Judge John R. Adams*_____
　　　　　　　　　　　　　　　　　　　　　　　JUDGE JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT